UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN MORALES,<br>    Petitioner, | :<br>:<br>: |
| v. | :    No. 5:10-cr-00052<br>:    No. 5:24-cv-00703 |
| UNITED STATES OF AMERICA,<br>    Respondent | :<br>: |

**O P I N I O N**
Motion to Vacate Sentence Under 28 U.S.C. § 2255, ECF No. 514 – Denied

**Joseph F. Leeson, Jr.**                                                     February 13, 2025
**United States District Judge**

Jonathan Morales filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 challenging his proceedings for a violation of supervised release. His allegations of ineffectiveness surround the grade of his violation and the resulting guidelines. Since there was no error, as explained below, his ineffectiveness claim lacks merit. The Motion to Vacate is denied.

**I.**     **BACKGROUND**

On March 30, 2010, Morales pled guilty to conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and distribution of 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). On December 19, 2012, the Honorable C. Darnell Jones, II sentenced Morales.[1]

---

[1] Details on the sentence can be found in the Judgment and in the Government's brief in opposition to the Motion to Vacate, but will not be discussed herein because the sentence was sealed. *See* ECF Nos. 375, 521.

On June 14, 2022, while Morales was on supervised release, a Violation of Supervised Release ("VOSR") petition was filed. *See* Pet., ECF No. 496. The VOSR petition states that Morales violated a condition of his release (that he "not commit another federal, state, or local crime") based on the following:

> On June 9, 2022, Mr. Morales was arrested by the Philadelphia Police Department and charged with the following offenses: Manufacture, delivery, or possession with intent to manufacture or deliver (F); dealing in proceeds of unlawful activities/intent to promote (F); corrupt organizations (F); conspiracy (M); criminal use of a communications facility (F); intentional possession of a controlled substance by a person not registered (M). The charges are filed in Philadelphia County Municipal Court relative to Case No. MC-51-CR-0009560-2022. It is noted that Mr. Morales was charged under an alias, "Jonathan Lopez."
> According to the arrest report, between January and June 2022, Mr. Morales participated in a racketeering influenced organization that trafficked and dealt in narcotics in Philadelphia. On June 8, 2022, a raid uncovered heroin, fentanyl, crack cocaine, and methamphetamines, attributable to the organization in which Mr. Morales is alleged to have participated.

*Id.* The VOSR petition listed the grade of the violation as "A." *Id.* Based on the VOSR petition, a warrant was issued to be lodged as a detainer. *Id.* The matter was reassigned to the Undersigned on November 21, 2022.

On July 24, 2023, Morales pled guilty in state court to corrupt organizations, in violation of 18 Pa.C.S. § 511, and was sentenced to a term of imprisonment of five to ten months followed by three years of probation. *See* Resp., ECF No. 521.

On August 3, 2023, Morales was arraigned on the VOSR petition. *See* ECF No. 509. Morales, who was represented by Justin Capek, Esquire, stipulated to probable cause and to pretrial detention. *Id.* On August 30, 3023, Morales appeared before the Undersigned for a hearing on the VOSR. At the VOSR hearing, Morales admitted to violating the terms of his supervised release and to the following facts supporting the violation:

> "Between January of 2022 and June 8, 2022, defendant was involved in corrupt organization, the purpose of which was the sale of controlled substances in

> the City and County of Philadelphia. The controlled substances included fentanyl and methamphetamine. In addition to corrupt organizations, with trafficking firearms. On June 8, 2022, a search warrant was executed on defendant's property located on Reese Street in the City and County of Philadelphia.
>
> Found on the property were seven firearms and 1,200 pills containing fentanyl. During the course of this invest -- during the course of the investigation electronic surveillance recorded conversations between the defendant and co-defendants Bobby Lopez and Javier Santia -- Santiago regarding the corrupt organization and the sale of drugs and firearms.
>
> Both Bobby Lopez and Javier Santiago were involved in the trafficking of significant amount of fentanyl. Others involved in the corrupt organization included Curtis Coates, Sr. (phonetic), Curtis Coates, Jr., Phillip Pitts (phonetic), Kurt Keagler (phonetic), Torin Edwards (phonetic), Malphius Fischer (phonetic) and Martin Hernandez."
>
> Those facts were read into the record. The Court of Common Pleas Judge asked the defendant if he acknowledged those facts and if they were true and the defendant acknowledged in the affirmative. Those serve for the basis of this violation, Your Honor.

N.T. 6:18 – 8:1, VOSR 8/30/23, ECF No. 520.

Based on the Grade A violation, as listed in the VOSR petition, Morales's criminal history category of VI, and the five-year statutory maximum, the Guidelines range was calculated as 51 to 60 months imprisonment. *See id.* at 8:6-12. Neither counsel objected to the calculations. *Id.* at 8:13-20. Attorney Capek did, however, request a downward variance from the Guidelines range at the VOSR hearing and in his Sentencing Memorandum. *See id.* at 10:6 – 17:2; Sent. Mem., ECF No. 511. After also hearing from the Government and from Morales, this Court sentenced Morales to 51 months imprisonment, which was at the very bottom of the range, with no supervised release term to follow. *See* N.T. 17:6 – 21:5.

Morales timely filed a Motion to Vacate Sentence under 28 U.S.C. § 2255, which is the subject of this Opinion. *See* Mot., ECF No. 514. The motion is premised on the argument that the correct grade of the violation was "B." *See generally id.* Morales contends that counsel was ineffective during the VOSR hearing by conceding that the violation was a Grade A, causing this Court to miscalculate the Guidelines. *See id.* He asserts that a few weeks prior, counsel

informed the state court that he believed the violation to be a Grade B. *See id.* at 4[2] and Ex. B. Morales further argues that his underlying state conviction was not a crime of violence or controlled substance offense and because the maximum was not more than twenty years, § 7B1.1 classifies the violation as grade B. *See id.* at 14-15.

The Government filed a brief in opposition to the Motion to Vacate, asserting that the violation was a Grade A and, therefore, the ineffectiveness allegations lack merit. *See* Resp., ECF No. 521. The Government argues that in the context of a violation of supervised release premised on commission of a "controlled substance offense," the court considers the defendant's actual conduct, not whether he was convicted of a crime, and then assesses whether that conduct would violate a statute that categorically qualifies as a controlled substance offense. *Id.* at 5 (citing *United States v. Carter*, 730 F.3d 187, 192 (3d Cir. 2013); U.S.S.G. § 7B1.1 cmt. n.1 (stating that "the grade of the violation is to be based on the defendant's actual conduct")). The Government asserts that the conduct of Morales, who admitted at the VOSR hearing to being involved in a corrupt organization, the purpose of which was the sale of controlled substances, constituted a controlled substance offense. *See id.* at 7. As such, Attorney Capek was not ineffective for failing to argue that the grade of the violation was a Grade B. *See id.*

In his reply brief, Morales contends that the factual proffer at the VOSR hearing did not involve a concession that Morales knew anything about narcotics distribution. *See* Reply 2, ECF No. 524. Rather, he contends, he admitted to being involved with a corrupt organization, one of the purposes of which was to distribute drugs, but there was no evidence that he knew the organization was involved in narcotics distribution. *Id.* Alternatively, Morales suggests that even if his violation was a Grade B, his Guidelines should have been 33-41 months

---

[2] This Court adopts the pagination assigned by the electronic filing system.

imprisonment because the federal offense for which he was on supervised release, 21 U.S.C. § 841(b)(1)(B), was a class B Felony. *Id.*

## II. STANDARDS OF REVIEW

### A. Motion to Vacate under 28 U.S.C. § 2255

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal defendants can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). Section 2255 "states four grounds upon which such relief may be claimed: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255(a)). "A district court must 'accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" *Johnson v. United States*, 294 F. App'x 709, 710 (3d Cir. 2008) (quoting *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005) (citations omitted)). But, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

### B. Ineffective Assistance of Counsel- Review of Applicable Law

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). "[T]here is no reason for a court

deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697 (holding that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed"). To establish prejudice, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) (quoting *Strickland*, 466 U.S. at 694). The court must consider the totality of the evidence, and the burden is on the petitioner. *Strickland*, 466 U.S. at 687, 695.

### III. ANALYSIS

#### A. Morales's violation of supervised release was a Grade A violation.

Grade A violations are defined to include "conduct constituting . . . a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a controlled substance offense. . . ." U.S.S.G. § 7B1.1(a)(1). In determining whether the offense is a "controlled substance offense," the court is not limited to the actual charges or convictions; rather, the court "may consider a defendant's actual conduct in the revocation context." *See Carter*, 730 F.3d at 191.

Here, by Morales's own admission, his actual conduct was involvement in a corrupt organization, "the purpose of which was the sale of controlled substances. . . includ[ing] fentanyl." *See* N.T. 6:18-21. His knowledge about the purpose of this corrupt organization was established through the electronically recorded conversations between Morales and two co-defendants regarding the corrupt organization and the sale of drugs and firearms, evidence of which Morales acknowledged at the VOSR hearing. *See id.* at 7:3-7. Also acknowledged at the

VOSR hearing was that seven firearms and 1,200 pills containing fentanyl were seized at Morales's property, *see id.* at 6:23- 7:2, which further suggests that he knew the organization was involved in narcotics distribution. This evidence established "by a preponderance of evidence" that Morales violated the terms of his supervised release by committing a controlled substance offense. *See Carter*, 730 F.3d at 190 ("Facts relevant to the application of the Guidelines are established by a preponderance of evidence."). Accordingly, the violation was correctly graded as a Grade A violation,[3] *see* U.S.S.G. § 7B1.1(a)(1), and any objection would have been meritless. Morales's ineffectiveness claim is therefore denied.[4] *See Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000) (holding that "counsel cannot be deemed ineffective for failing to raise a meritless claim"); *United States v. Lloyd*, No. 21-81, 2024 U.S. Dist. LEXIS 135089, at *16 (E.D. Pa. July 31, 2024) (holding that "any objection to the enhancement by defense counsel

---

[3] Despite Morales's suggestion to the contrary, the grade of his supervised release violation was not a surprise at the VOSR hearing on August 30, 2024. Grade A was listed in the VOSR petition dated June 12, 2023, on which Morales was arraigned on August 3, 2023, and in the Sentencing Memorandum prepared by Attorney Capek and dated August 28, 2023.

[4] Morales cites to Attorney Capek's mistaken belief weeks before the VOSR hearing expressed only to the state court, but does not assert that he would not have admitted to the violation of supervised release before this Court but for this earlier incorrect statement by Attorney Capek. Attorney Capek's statement to the state court therefore has no bearing on the findings of this Court. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").

Moreover, Attorney Capek's initial calculations were qualified with the statement: "if my calculations are correct." *See* N.T. 12:10 – 13:19 at Ex. B. His initial calculations were not correct as to the grade of the violation, nor were they correct as to Morales's criminal history category, which Morales should have known. *See id.* at 12:21-24 (suggesting that Morales was "either a 2 or a 3"). Regardless, after the representation in the state court and prior to the VOSR hearing before this Court, Attorney Capek filed a sentencing memorandum discussing the Grade A violation and arguing for a downward variance. Thus, any earlier miscalculation by Attorney Capek in state court did not infect the violation proceedings before this Court.

would have been without merit, and for this reason there was no ineffective assistance of counsel").

**B.     Morales's federal offense was a Class A felony.**

Morales's alternative argument, that even if his violation was a Grade A, his Guidelines range should have been lower because the federal offense for which he was on supervised release, 21 U.S.C. § 841(b)(1)(B), was a Class B felony, is also without merit.  Morales was convicted of the distribution of 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  This was not, however, his first serious drug felony.  In November 2001, Morales was sentenced in the Court of Common Pleas of Philadelphia County following his conviction for a felony, controlled substance violation.  *See* ECF No. 214 (Information Charing Prior Offense pursuant to 21 U.S.C. § 815).  Accordingly, the maximum term of incarceration Morales faced for his conviction in the instant action was life imprisonment, *cf.* 21 U.S.C. § 841(b)(1)(B), not forty years as he suggests, *with* Reply 2.  His offense was therefore a Class A felony.  *See* 18 U.S.C.S. § 3559(a)(1) ("An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is— (1) life imprisonment, or if the maximum penalty is death, as a Class A felony.").  Morales's argument that the Guidelines calculation was incorrect is therefore denied as meritless.

**C.     There is no basis for the issuance of a certificate of appealability.**

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'"  *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)).  "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons set forth herein, Morales has not shown that reasonable jurists would find this Court's assessment debatable or wrong.

## IV.    CONCLUSION

For the reasons set forth herein, this Court concludes that the violation of supervised release was properly graded as a Grade A violation based on evidence that Morales's actual conduct was a controlled substance offense. The offense for which he was on supervised release was at least his second serious drug felony and was also properly graded, as a Grade A felony. Using these grades and Morales's criminal history category, the Court correctly calculated the sentencing guidelines. Any objection by counsel to the grading or calculations would have therefore been meritless and does not support a claim for ineffectiveness. The Motion to Vacate is denied. There is no basis for the issuance of a certificate of appealability.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge